IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PUBLIC-SECTOR SOLUTIONS, INC.,** | * | |
| **Appellant,** | | |
| v. | * | **CIVIL NO. JKB-22-02086** |
| **HUNT & ASSOCIATES, P.C.,** | * | |
| Appellee. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Pending before the Court is an appeal from the United States Bankruptcy Court for the District of Maryland. (ECF No. 1.) The case arises from the Bankruptcy Court's order deferring consideration of Public-Sector Solutions, Inc.'s ("PSS") Motion for Sanctions against Hunt & Associates, P.C. ("Hunt"). (ECF No. 1-2.) Hunt has filed a Motion to Dismiss Appeal, which is fully briefed. (ECF Nos. 2, 8, 13.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, PSS's Notice of Appeal (ECF No. 1) will be construed as a motion for leave to file an appeal from an interlocutory order and will be denied, and Hunt's Motion to Dismiss Appeal (ECF No. 2) will be granted.

### I. Factual and Procedural Background

As is relevant here, the underlying bankruptcy case was closed by entry of a final decree on November 13, 2019. (ECF No. 1-2 at 1.) On July 16, 2021, PSS filed a Motion to Reopen Case, which the Bankruptcy Court denied. (*Id.* at 1–2.) PSS was dissatisfied with this ruling and appealed. (*Id.* at 2.) While PSS's appeal of the Motion to Reopen Case was pending before this

Court, PSS filed a Motion for Sanctions with the Bankruptcy Court. (*Id.* at 1–2.) The Bankruptcy Court entered an Order Deferring Consideration of Motion for Sanctions. (ECF No. 1-2.) The Bankruptcy Court concluded that it was divested of jurisdiction while the appeal relating to the Motion to Reopen Case was pending before this Court, and deferred consideration of the Motion for Sanctions until that appeal was resolved. (*Id.* at 2.) PSS now appeals that Order.

PSS filed a Notice of Appeal on August 1, 2022 (ECF No. 1) and filed a Designation of Items to be Included in the Record on Appeal on August 19, 2022. (ECF Nos. 3, 4, 5, 6, 7.) On August 19, 2022, Hunt filed a Motion to Dismiss Appeal. (ECF No. 2.) In its Motion, Hunt argues that this Court lacks appellate jurisdiction, as the Order Deferring Consideration of the Motion for Sanctions is interlocutory and PSS did not seek leave of this Court to file its appeal. Hunt further argues that, if the Court construes the Notice of Appeal as a motion seeking leave to file an appeal, this Court should deny that motion. The Motion is fully briefed. (ECF Nos. 8, 12.)

## II. Analysis

The Court does not have appellate jurisdiction over this matter. A district court's appellate jurisdiction over bankruptcy court orders is set out in 28 U.S.C. § 158(a), which provides that:

> The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees[.]

In the context of a bankruptcy case, an order is considered final and appealable when it "finally dispose[s] of discrete disputes within the larger case." *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005). Here, the Bankruptcy Court's Order—which expressly defers consideration of PSS's Motion for Sanctions—is plainly an interlocutory order, and PSS

2

cannot seriously contend otherwise.[1] Therefore, pursuant to 28 U.S.C. § 158(a)(3), PSS was required to seek leave of this Court before filing this appeal.

Leave to appeal is governed by Federal Rule of Bankruptcy Procedure 8004(d), which provides that "[i]f an appellant timely files a notice of appeal . . . but does not include a motion for leave, the district court . . . may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." Because PSS did not file a motion for leave, and the Court will construe PSS's Notice of Appeal as a motion for leave.

"Under § 158(a), the decision whether to grant leave to appeal from a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995). Courts in this district employ an analysis similar to the analysis that circuit courts of appeals use when certifying interlocutory review under 28 U.S.C. § 1292(b). *See, e.g., In re Rood*, 426 B.R. 538, 548 (D. Md. 2010); *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 129 (D. Md. 2012). 28 U.S.C. § 1292(b) permits certification of an interlocutory appeal when the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." If an order does not involve a controlling question of law, the Court need not consider the additional factors. *See Prologo*, 471 B.R. 129; *see also In re Pawlak*, 520 B.R. 177, 182 (D. Md. 2014).

Here, the Bankruptcy Court's Order does not involve a question of controlling law, as it simply deferred consideration of PSS's Motion for Sanctions until this Court resolved the related

---

[1] PSS argues that the Order is "a final order entered in a proceeding different than PSS's Motion to Reopen. They are two different contested cases under Bankruptcy Rule 9014, within PSS's larger bankruptcy case." (ECF No. 8 at 1.) PSS does not provide any support for its contention that the Order is a final one, and this conclusion has no basis in law. PSS likewise provides no support for the proposition that the Bankruptcy Court's Order was entered in a different proceeding than the Motion to Reopen, and this proposition has no support in the record.

3

pending appeal. Reversal of the Bankruptcy Court on this Order would not terminate the action, nor would it materially affect the outcome of the litigation. *See in re Rood*, 426 B.R. at 548 ("An order involves a controlling question of law when either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation."). The Court will not grant leave to appeal, and it is therefore without jurisdiction to hear PSS's appeal.

### III. Conclusion

For the foregoing reasons, the Court has construed PSS's Notice of Appeal as a motion for leave to file an appeal from an interlocutory order, which it will deny. In addition, the Court will grant Hunt's Motion to Dismiss Appeal.

DATED this ___7___ day of September, 2022.

BY THE COURT:

_____
James K. Bredar
Chief Judge